UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABRAHAM I. AWWAD,

    Plaintiff,

                                                CASE NO.: 8:11-cv-01638-SCB-TBM

v.

LARGO MEDICAL CENTER, INC.,
a Florida corporation d/b/a/ Largo Medical Center,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT AND SUPPORTING MEMORANDUM**

    Plaintiff, Abraham I. Awwad ("Dr. Awwad") respectfully requests this Honorable Court grant leave to file an Amended Complaint as to Count III in the original Complaint, Count IV in the proposed Amended Complaint, breach of medical staff bylaws (damages), to add a claim for fraud, and to correct some typographical errors in the original Complaint. In support of this motion, Dr. Awwad states as follows:

    1.    Dr. Awwad filed his complaint on July 25, 2011. (Dkt. 1). On August 17, 2011, the Court granted Largo Medical Center, Inc.'s ("LMC") Motion for Extension of Time to File Answer or Otherwise Plead. (Dkt. 8). On September 9, 2011, LMC filed its Motion to Dismiss seeking to dismiss Dr. Awwad's complaint in its entirety. (Dkt. 9).

    2.    On September 30, 2011, the Court entered a Case Management Scheduling Order setting forth the deadlines for, among other things, the filing of third party claims, motions to join parties and motions to amend pleadings. (Dkt. 15). The

Court's Case Management Order provides that the parties shall have until October 31, 2011 to file any motions to amend pleadings.  (Id.).

   3. Dr. Awwad filed his response to LMC's Motion to Dismiss on October 7, 2011.  (Dkt. 16).

   4. On October 20, 2011, the Court entered its order granting in part and denying in part LMC's Motion to Dismiss.  (Dkt. 21).  The Court granted LMC's Motion only as to Count III (breach of the medical staff bylaws – damages) of Dr. Awwad's complaint finding that Dr. Awwad did not assert sufficient allegations of intentional fraud by LMC to state a claim for damages pursuant to Fla. Stat. § 395.0193(5).  (Id.).

   5. The Court denied the remainder of LMC's Motion to Dismiss.  (Id.).

   6. Dr. Awwad seeks leave to file an Amended Complaint as to Count III in the original Complaint (Count IV in the proposed Amended Complaint) to add a claim for fraud, and to correct a few typographical errors.

## MEMORANDUM

Fed. R. Civ. P. 15(a) provides that a party may amend its pleading by leave of Court or by written consent of the adverse party.  The Supreme Court has stated that "leave to amend 'shall be freely given when justice so requires,'" and that "this mandate is to be heeded."  *Foman v. Davis*, 371 U.S. 178, 182 (1952).  The Foman Court noted that a plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith or dilatory motive on the part of the movant or repeated failure to cure deficiencies by amendments previously allowed.  Id.  Although the District Court has discretion to grant an amendment, "outright refusal to grant relief

2

without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Id. Therefore, there must be a "justifying reason" for a Court to deny leave. *Taylor v. Florida State Fair Authority,* 875 F.Supp. 812, 814 (M.D. Fla. 1995) (citing *Foman*, supra, 371 U.S. at 182; *Halburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985) ("substantial reason" needed). Likewise, in *Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001), the Court noted that a District Court's discretion to dismiss a complaint without leave to amend is "severely restricted" by Fed. R. Civ. P. 15(a), which directs that leave to amend shall be freely given when justice so requires. Id. at 1153 (citing *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)) (citation omitted).

Here, Dr. Awwad's motion to amend his Complaint should be granted. This Court held in its order on Defendant's Motion to Dismiss, that Plaintiff must allege fraud in order to state a cause of action for breach of the medical staff bylaws relating to peer review. Plaintiff should be given an opportunity to state both an independent cause of action for fraud and to state intentional fraud to avoid the peer review immunity under Florida Chapter 395, which this Court found applied to breach of bylaws claims.

The case is in its early stages. The Court entered the Case Management Order less than a month ago, and discovery recently commenced. (Dkt. 15). This motion is filed within the deadline established by this Court to file a Motion for Leave to Amend. The amendment will have no impact on any deadlines set forth in this Court's Case Management Order. Further, because LMC has not yet filed an answer, amending Count

III of the Complaint will not require LMC to file a new answer.  There being no justified reason to deny leave, this Court should grant Plaintiff's Motion for Leave to File an Amended Complaint as to Count III.

WHEREFORE, Plaintiff respectfully requests this Court grant Plaintiff's Motion for Leave to File an Amended Complaint, in the form attached hereto as **Exhibit A** and for such other and further relief as this Court deems just and proper.

### 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned certifies that prior to filing this Motion, on October 31, 2011, Brigid Merenda, counsel for Dr. Awwad, spoke with Joshua P. Welsh, counsel for LMC and Mr. Welsh stated that he objects to the relief requested in this motion.

Respectfully Submitted,

*/s/ John D. Goldsmith*
JOHN D. GOLDSMITH
Florida Bar No. 444278
jdgoldsmith@trenam.com
BRIGID A. MERENDA
Florida Bar No. 0320500
bamerenda@trenam.com
TRENAM, KEMKER, SCHARF, BARK1N,
FRYE, O'NEILL & MULLIS, P.A.
Post Office Box 1102
101 East Kennedy Boulevard, Suite 2700
Tampa, Florida 33601
(813) 223-7474/ (813) 229-6553 (facsimile)
Attorneys for Dr. Abraham I. Awwad

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of Plaintiff's Motion for Leave to File Amended Complaint has been submitted to the Clerk of Court through the Court's CM/ECF system, which will separately generate notice of this filing on the following individuals: James J. Evangelista, Esquire (jevangelista@bushross.com), and Joshua P. Welsh, Esquire (jwelsh@bushross.com), BUSH ROSS, P.A., 1801 North Highland Avenue, Tampa, Florida  33602, on this  31st day of October, 2011.

                    */s/ John D. Goldsmith*
                      Attorney