UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABRAHAM I. AWWAD,

    Plaintiff,

v.                                                            Case No. 8:11-cv-1638-T-24 TBM

LARGO MEDICAL CENTER, INC.,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Leave to File Amended Complaint. (Doc. No. 23). Defendant opposes the motion. (Doc. No. 28). Plaintiff moved for leave to file a reply (Doc. No. 29), which Defendant also opposes (Doc. No. 30).

**I. Background**

Plaintiff Abraham Awwad filed his original complaint asserting claims against Defendant Largo Medical Center, Inc. ("LMC") for revoking and failing to renew his medical staff privileges. Defendant moved to dismiss Plaintiff's claims, and the Court granted the motion to the extent that Plaintiff asserted a breach of bylaws claim in which he sought damages. Specifically, the Court dismissed that claim based on Defendant's argument that the claim was barred by peer review immunity under Florida Statute § 395.0193(5).

Section 395.0193(5) provides, in pertinent part, that "[t]here shall be no monetary liability on the part of, and no cause of action for damages against, any licensed facility . . . for any action taken without intentional fraud in carrying out the provisions of this section." The Court rejected Plaintiff's argument that he sufficiently alleged that Defendant committed intentional fraud by alleging that: (1) in attempting to ensure negative reviews of Plaintiff, LMC

intentionally failed to provide all of the medical records for Patient Y to the physician experts that were reviewing Plaintiff's conduct, and (2) LMC amended the bylaws and then falsely represented to him that the amended bylaws governed his appeal.

In the instant motion, Plaintiff seeks leave to file an amended complaint in order to: (1) add a fraud claim; (2) assert an amended breach of bylaws claim in which he seeks damages; and (3) to correct typographical errors. Defendant opposes the motion.

## II.  Standard of Review

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Because of the liberal policy allowing amendments embodied in Rule 15(a), "a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith or undue delay on the part of the moving party; or (3) the amendment would be futile." Taylor v. Florida State Fair Authority, 875 F. Supp. 812, 814 (M.D. Fla. 1995)(citation omitted).

## III.  Motion to Amend

Defendant opposes Plaintiff's motion to amend by arguing that the amendment would be futile. As explained below, the Court disagrees and will allow Plaintiff to amend to the extent set forth below.

### A.  Fraud

In his proposed amended complaint, Plaintiff again alleges that LMC committed intentional fraud by failing to produce all of the medical records for Patient Y and by amending the bylaws and then falsely representing to him that the amended bylaws governed his appeal. However, in the proposed amended complaint, Plaintiff provides more allegations to support and

2

explain his claim that LMC engaged in such fraud than he did in his original complaint.

For example, Plaintiff alleges that LMC withheld some of Patient Y's medical records while misrepresenting that it had provided all of the records, and due to this misrepresentation and fraudulent conduct, the experts concluded that Plaintiff's care of Patient Y fell below the appropriate standard of care. While Plaintiff was later able to obtain the missing medical records, he alleges that it was too late for him to fix the damage caused by the experts' reliance on LMC's misrepresentation.

Additionally, Plaintiff alleges that LMC knowingly misrepresented to him which version of the bylaws governed his appeal. Plaintiff contends that because he relied on LMC's misrepresentation, he did not have the opportunity to inform the presiding officer of his objection to the non-staff member's appointment to the ad hoc peer review committee prior to its adverse recommendation. Once Plaintiff learned that the doctor's appointment to the ad hoc peer review committee violated the controlling version of the bylaws, it was too late for Plaintiff to raise a meaningful objection, because LMC knowingly misrepresented to the Board that his objection had already been raised, considered, and rejected by the presiding officer.

Defendant argues that these allegations are not sufficient to show: (1) that there was reasonable reliance on LMC's alleged misrepresentations, or (2) that its representation regarding the applicable bylaws was not false. However, because Defendant's arguments go to the merits of the fraud claim, the Court will not address them beyond stating that Plaintiff has sufficiently alleged his fraud claim at this stage of the proceedings. Defendant can attack the merits of the fraud claim in a motion for summary judgment and/or at trial. Accordingly, Plaintiff's motion for leave to amend the complaint in order to assert the fraud claim is granted.

**B. Breach of Bylaws**

Additionally, Plaintiff seeks leave to amend the breach of bylaws claim in order to assert a claim for damages from the breaches. As previously stated, the Court had dismissed this claim from the original complaint because of peer review immunity. Specifically, the Court found that the claim was barred by Florida Statute § 395.0193(5), which provides, in pertinent part, that "[t]here shall be no monetary liability on the part of, and no cause of action for damages against, any licensed facility . . . for any action taken without intentional fraud in carrying out the provisions of this section."

However, the Court has now found that Plaintiff has sufficiently alleged in his proposed complaint that LMC engaged in intentional fraud with respect to the missing medical reports for Patient Y and with respect to the applicable bylaws. Therefore, to the extent that such conduct also constituted a breach of the bylaws (i.e., the appointment of a non-staff member to the ad hoc peer review committee), Plaintiff may pursue a breach of bylaws claim and seek damages. However, to the extent that LMC breached the bylaws in a manner that did not involve such intentional fraud, the Court finds, as it did in its prior order, that such a claim would be barred by the peer review immunity statute. Accordingly, the Court grants Plaintiff's motion for leave to amend to the extent that Plaintiff may assert an amended damages claim for breach of the bylaws to the extent that the breach is based on LMC's allegedly fraudulent conduct.

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1) The Court **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint (Doc. No. 23) to the extent that Plaintiff may assert the fraud claim, Plaintiff may

4

correct typographical errors, and Plaintiff may assert an amended damages claim for breach of the bylaws to the extent that the breach is based on LMC's allegedly fraudulent conduct. Plaintiff is directed to file the amended complaint in compliance with this order by December 16, 2011.

(2) The Court **DENIES** Plaintiff's motion for leave to file a reply (Doc. No. 29).

**DONE AND ORDERED** at Tampa, Florida, this 1st day of December, 2011.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

5