UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABRAHAM I. AWWAD,

    Plaintiff,

v.                                              Case No. 8:11-cv-1638-T-24 TBM

LARGO MEDICAL CENTER, INC.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss. (Doc. No. 40). Plaintiff opposes the motion. (Doc. No. 44).

**I. Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to

relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II. Background

Prior to this lawsuit, Plaintiff Abraham Awwad had medical staff privileges at Defendant Largo Medical Center, Inc. ("LMC"). In his original complaint, Plaintiff asserted four claims against LMC relating to LMC's revocation and failure to renew his staff privileges, including a damages claim for LMC's alleged breaches of the medical staff bylaws. (Doc. No. 1). LMC moved to dismiss the complaint, and the Court granted the motion as to Plaintiff's damages claim for LMC's alleged breaches of the bylaws. Specifically, the Court found that because Plaintiff's breach of bylaws claim related to the peer review process, and because peer review immunity (as set forth in Florida Statute § 395.0193(5)) provided immunity for LMC from monetary damages for actions taken without intentional fraud, Plaintiff had not sufficiently alleged a damages claim for the alleged breaches of the bylaws. (Doc. No. 21).

Thereafter, Plaintiff moved to amend the complaint in order to add a fraud claim and to re-assert his claim for damages based on LMC's alleged breaches of the bylaws and new allegations of intentional fraud. The Court granted the motion, stating:

> [T]he Court has now found that Plaintiff has sufficiently alleged in his proposed complaint that LMC engaged in intentional fraud with respect to the missing medical reports for Patient Y and with respect to the applicable bylaws. Therefore, to the extent that such conduct also constituted a breach of the bylaws (i.e., the appointment of a non-staff member to the ad hoc peer review committee), Plaintiff may pursue a breach of bylaws claim and seek damages. However, to the extent that LMC breached the bylaws in a manner that did not involve such

> intentional fraud, the Court finds, as it did in its prior order, that such a claim would be barred by the peer review immunity statute. Accordingly, the Court grants Plaintiff's motion for leave to amend to the extent that Plaintiff may assert an amended damages claim for breach of the bylaws to the extent that the breach is based on LMC's allegedly fraudulent conduct.

(Doc. No. 35, p. 4).

Thereafter, Plaintiff filed an amended complaint. (Doc. No. 39). In response, LMC filed the instant motion to dismiss Count IV, which is Plaintiff's amended claim for damages for breaches of the bylaws.

In Count IV of the amended complaint, Plaintiff alleges a claim for damages based on the following four breaches of the bylaws: First, Plaintiff contends that LMC's fraudulent failure to disclose the full records of Patient Y during his review violated section 7.1 of the bylaws, which states, in part: "Professional review actions are taken . . . after a reasonable effort to obtain the facts of the matter, and in reasonable belief that the action is warranted by facts . . . ." (Doc. No. 39, ¶ 88-89, 34-44). Second, Plaintiff contends that the appointment of Dr. Ramamurthy to the 2010 Hearing Panel violated section 7.4.2.3 of the bylaws, which states that all of the members of the panel shall be members of the medical staff. (Doc. No. 39, ¶ 89, 90, 94-95). Third, Plaintiff contends that the appointment of Dr. Requena to the 2010 Hearing Panel violated section 7.4.2.3 of the bylaws, which states that no member may serve on the panel if they had previously acted as a fact finder in the matter. (Doc. No. 39, ¶ 89, 90-93). Fourth, Plaintiff contends that LMC breached the bylaws by failing to follow the disciplinary steps outlined therein. (Doc. No. 39, ¶ 89, 96-113).

### III. Motion to Dismiss

LMC contends that Count IV should be dismissed, because it is not properly pled.

3

Specifically, LMC argues that: (1) to the extent that Count IV is based on LMC's appointment of Dr. Requena to the panel, there are not sufficient allegations of intentional fraud to withstand peer review immunity; (2) to the extent that Count IV is based on LMC's failure to follow the bylaws' disciplinary steps, there are not sufficient allegations of intentional fraud to withstand peer review immunity; and (3) due to those previously described failures, the Court should dismiss with prejudice Count IV in its entirety. Accordingly, the Court will address each argument.

### A. Appoint of Dr. Requena to the Panel

LMC argues that to the extent that Count IV is based on LMC's appointment of Dr. Requena to the 2010 Hearing Panel, there are not sufficient allegations of intentional fraud to withstand peer review immunity. The Court is not entirely persuaded by this argument.

Plaintiff has alleged that when he was notified of his peer review hearing in 2010, the notice attached and incorporated by reference an October 2006 document containing the 2006 panel's decision recommending that his medical privileges be revoked. Dr. Requena served on the 2006 panel that recommended the revocation. However, LMC intentionally lied to Plaintiff and told him that the October 2006 document did not form the basis for the 2010 peer review hearing in order to have Dr. Requena appointed to the 2010 Hearing Panel.

While Plaintiff has alleged, to some extent, fraud by LMC, he has not complied with Federal Rule of Civil Procedure 9(b), which requires that allegations of fraud be pled with particularity. LMC argues that Plaintiff has not alleged sufficient facts to show plausible reliance on LMC's contradictory statements (i.e., the notice referring to the 2006 panel's recommendation of revocation and LMC's statement that the 2006 recommendation was not a basis for the 2010

hearing). Upon review, the Court rejects the argument that Plaintiff has not sufficiently alleged plausible reliance. However, the Court finds that his fraud allegations with respect to this incident fail to sufficiently allege who from LMC made the statement that the 2006 recommendation was not a basis for the 2010 hearing, when that statement was made, and where that statement made. As such, the Court agrees, although for somewhat different reasons, that this claim is not sufficiently pled with respect to the appointment of Requena. The Court will allow Plaintiff one final attempt to amend this claim to cure these deficiencies.

### B.  Failure to Follow Disciplinary Steps

Next, LMC argues that to the extent that Count IV is based on LMC's failure to follow the bylaws' disciplinary steps, there are not sufficient allegations of intentional fraud to withstand peer review immunity. Plaintiff concedes this point. (Doc. No. 44, p. 3, 7). However, Plaintiff states that he should be allowed to assert these breaches in Count V, which is a claim for injunctive relief due to the breaches of the bylaws (which is not barred by peer review immunity). The Court will allow Plaintiff to amend his complaint in order to remove paragraphs 96-113 (and the last part of paragraph 89) from Count IV and to insert those allegations into Count V. Additionally, the Court will allow Plaintiff to amend its first paragraph of Count V in order to incorporate the proper paragraphs.

### C.  Dismissal of Count IV in its Entirety

Next, LMC argues that based on the above deficiencies, the Court should dismiss Count IV with prejudice in its entirety. The Court is not inclined to take such a drastic measure. However, the Court will not allow Plaintiff to amend the complaint again after the amendment authorized by this order.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)  Defendant LMC's Motion to Dismiss (Doc. No. 40) is **GRANTED TO THE EXTENT** that Count IV is dismissed without prejudice.

(2)  Plaintiff may file one final amended complaint that addresses the deficiencies described in this order by January 20, 2012.  **No new claims may be added, and no further amendments will be permitted.**

(3)  Defendant's Motion For Extension of Time to Answer (Doc. No. 41) is **DENIED AS MOOT**.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of January, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record