UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ABRAHAM I. AWWAD,**

    **Plaintiff,**

v.                                         Case No.  8:11-cv-1638-T-24TBM

**LARGO MEDICAL CENTER, INC.,**

    **Defendant.**

_____/

**O R D E R**

THIS MATTER is before the court on **Defendant's Motion for Protective Order** (Doc. 32) and Dr. Awwad's opposition (Doc. 38).  By the motion, Defendant Largo Medical Center, Inc. (LMC) seeks an order protecting it from having to produce credentialing and peer review files and other related information on grounds that such information as is requested is privileged and largely irrelevant and the numerous requests impose oppressive and onerous burdens upon it.[1]  Should the court compel any production of such matters, it seeks permission to redact out patient information, and the identity of participants.  Further, it seeks relief from any obligation to file a privilege log.  Plaintiff has filed a response in opposition urging that there is neither a peer review privilege nor a self-critical analysis privilege to bar discovery of the information he seeks, and the information sought as to himself, Drs. Steinhoff and

---

[1] The motion addresses only a portion of the requests made by Plaintiff in his First Request to Produce, chiefly those related to peer review and credentialing files and minutes from related committee meetings.

Feinman, and all other physicians disciplined for disruptive conduct is relevant to his claims for discrimination and breach of contract. He also urges that Defendant should not be relieved of its obligation to file an adequate privilege log.

Also before the court is **Plaintiff Dr. Awwad's Motion to Compel Responsive Documents and Adequate Privilege Log to Plaintiff's First Request for Production and Motion for Attorneys' Fees and Costs** (Doc. 42) and Defendant's opposition (Doc. 47). By this motion, the Plaintiff seeks an order compelling responses or more complete responses to request Nos. 2-5, 7-10, 16-22, 24-27, 29-30, 32-35, 37-59, 61-63 of his first request for production and an award of fees and costs for the motion. Upon consideration, the respective motions are **granted in part** and **denied in part** as set forth hereafter.

Regarding the motion for protective order, Defendant makes certain broad assertions in opposition to the discovery of peer review and credentialing files and related committee meeting records. These objections are overruled. Initially, while acknowledging Eleventh Circuit precedent holding that the medical peer review privilege does not apply in federal discrimination cases, Defendant urges this court revisit the issue of the applicability of the peer review privilege in this case and requests that on the basis of the privilege, the court deny much of this discovery.[2] The court respectfully declines to do so on this Order. By my

---

[2]Defendant cites *Adkins v. Christie*, 488 F.3d 1324 (11th Cir. 2007), *cert. denied* 552 U.S. 1131 (2008), acknowledging the Eleventh Circuit's holding that the medical peer review privilege does not apply in federal discrimination cases. In short, it urges that *Adkins* should be revisited in light of the Congress' 2005 enactment of the Patient Safety Quality Improvement Act (PSQIA), at 42 U.S.C. § 299b-21 *et seq.*, as such created a broad federal privilege for patient safety work product, including peer review materials.

2

consideration, this court is bound by the decision in *Adkins v. Christie*, 488 F.3d 1324 (11th Cir. 2007), which squarely holds that there is no medical peer review privilege for documents related to such proceedings in federal discrimination cases. Even if it were appropriate for this court to reconsider *Adkins*, any privilege created by the PSQIA appears inapplicable to the circumstances of this case. Defendant also claims that the HIPAA and Fla. Stat. § 395.3025 too prohibit the discovery of peer review and credentialing files and minutes from hospital committee meetings. I disagree. Here, the court has already approved an agreed HIPPA qualified protective order which limits the use and dissemination of such discovery (Docs. 20, 22), and the provisions of § 395.3025 do not govern the instant dispute. Next, Defendant urges that the sought-after files of Plaintiff, Drs. Steinhoff and Feinman, and all other physicians accused of disruptive conduct *may* contain documents constituting self-critical analysis of a physician or the hospital. It urges the court find a self-critical analysis privilege which bars the discovery of such matters as reflect on the hospital's analysis of its own performance as opposed to Plaintiffs. Here, I adopt the well-reasoned opinion and rationale of Judge Jones in *Johnson v. United Parcel Service, Inc.*, 206 F.R.D. 686 (M.D. Fla. 2002), and hold that the self-critical analysis privilege is not applicable to bar discovery in this discrimination claim.[3]

---

[3] While the court declines to find a blanket self-critical analysis privilege applicable to this discrimination claim, Defendant's discovery obligations remain only to produce documents made relevant by the claims and defenses in this suit. Thus, to the extent that the hospital conducted self-critical analysis of its own performance or the performance of other doctors or health providers on matters outside those identified or complained of by Plaintiff, such need not be produced absent further order of the court.

Substantively, Defendant contends that the requests for peer review and credentialing files, and committee meeting minutes for himself, Drs. Steinhoff and Feinman, and all other physicians accused of disruptive behavior are overbroad, unduly burdensome and not likely to reveal relevant evidence. By its argument, Defendant did not revoke Dr. Awwad's staff membership and clinical privileges because of concerns with his disruptive behavior or quality of care (as he alleges), but rather, it was Dr. Awwad's failure to comply with two simple, inexpensive, and non-punitive requirements of counseling and education on anger management and attending continuing medical education seminars on fluid and electrolyte management and sodium/water balance that lead to the revocation. The request for wide-ranging review of peer review and credentialing files as sought by Plaintiff is a fishing expedition and not likely to lead to the discovery of relevant evidence.

Additionally, Defendant urges that the requirements of preparing a privilege log should be deferred or excused until the court determines whether the requested information is otherwise discoverable. To the extent the court is inclined to allow the discovery, Defendant seeks to redact patient information and the identity of the individuals conducting the doctors' peer review.

In response and by its motion, Plaintiff urges the contrary and seeks to obtain the peer review and credentialing files of all physicians accused of disruptive conduct and quality of care concerns from 2000 to present which is essentially the same time frame in which Dr. Awwad worked at LMC. In support, he urges that his Complaint specifically identifies Drs. Steinhoff and Feinman as having engaged in similarly "disruptive" conduct and engaged in

significant quality of care issues and thus the hospital's treatment of them is relevant to his suit. He further urges that the files of any other physicians similarly accused of disruptive conduct and quality of care concerns from 2000 forward are appropriate for his discovery and may lead to relevant evidence. Additionally, he argues that to the extent that Defendant should have already claimed a privilege and it has failed to do so, the privilege should be deemed waived and in any event, Defendant should be required to produce a privilege log for all such matters as it claims a privilege on.

By my consideration, the unredacted peer review and credentialing files of Plaintiff (Request Nos. 37-38) are relevant for discovery as well as any related hospital committee meeting minutes (Request Nos. 42-43). Plaintiff's discovery may extend to any other files kept by the hospital related to an investigation of Plaintiff (Request No. 52). As for Drs. Steinhoff and Feinman (Request Nos. 48-51), I reach the same conclusion at least for the period from January 1, 2006, to the present and insofar as such relate to behavioral issues and quality of care issues. Patient identities may be redacted. As for the peer review and credentialing files of any other physician accused of disruptive behavior from January 2000 to the present (Request Nos. 56-57), I find the requests onerous and unduly burdensome. However, to the extent that such evidence as may exist may be relevant to the discrimination claim, Defendant shall permit Plaintiff to review the "trending logs" referenced in the motion for protective order[4] and obtain copies of any peer review or credentialing files related to those listed on the logs. As for these files, at least initially, the Defendant may redact out the

---

[4] Defendant suggests that it has "maintained trending logs of reported behavioral issues from 2006 to the present" identifying more than 100 physicians. (Doc. 32 at 21).

identities of any patients referenced therein as well as the identities of the persons conducting the review. Any further discovery along these lines shall be addressed by subsequent motion.

As for the particular disputes identified in Plaintiff's motion to compel, Defendant's response indicates that a number of objections have been waived and that production will be made as to Request Nos. 2-3, 5, 16-19. It is so ordered. In addition to those requests addressed above, Plaintiff's motion to compel is granted as to all non-privileged matters responsive to Request Nos. 7-10 insofar as such matters relate to the peer review of Plaintiff; Request Nos. 21-22; Request Nos. 24-25; Request Nos. 26-27, 41; Request No. 30 insofar as it relates to communications concerning the peer review and termination of Plaintiff; Request No. 46; Request No. 47 insofar as such relates to Plaintiff's peer review and termination; Request No. 62 insofar as LMC corporate bylaws address medical staff privileges; and Request No. 63 related to the 1/1/2006 document retention policy. As for all other requests, the motion is, at present, denied, essentially for the reasons set forth in Defendant's opposition.

The Defendant's request that it be excused from the requirements of producing a privilege log is also denied. Any party withholding information otherwise discoverable on the basis of privilege shall comply with the provisions of Fed. R. Civ. P. 26 (b)(5). To the extent that either party has withheld documents from matters already produced on the basis of privilege but has failed to comply with the requirements of Rule 26, it shall produce a privilege log or other such notice for such matters within fourteen (14) days from the date of this Order.

Production required hereby shall be made within fourteen (14) days from the date of this Order or as otherwise agreed by counsel.

**Done and Ordered** in Tampa, Florida, this 12th day of April 2012.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record